UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| IN RE: | CASE NO: |
|---|---|
| DENNIS DARNAY WILLIAMS | 12-05122-8-SWH |
| DEBTOR | CHAPTER 7 |

**TRUSTEE'S MOTION FOR SANCTIONS AGAINST ROBERT LEWIS, JR. FOR VIOLATION OF THE AUTOMATIC STAY AND CONTEMPT OF COURT, AND FOR AN ORDER REQURING THAT ANY FUNDS PAYABLE TO THE DEBTOR BE HELD BY THE TRUSTEE PENDING FURTHER ORDERS OF THIS COURT**

Now comes James B. Angell, Chapter 7 Trustee ("Trustee"), by and through counsel, and hereby moves the Court for an order imposing sanctions against Robert Lewis, Jr. for the violation of the Automatic Stay, and holding Lewis in contempt of Court. Further the Trustee moves the Court for an order requiring that any funds payable to which the Debtor may have a claim be held by the Trustee pending further orders of this Court. In support of this motion the Trustee shows unto the Court as follows:

1. The Debtor filed a petition under Chapter 13 on July 13, 2012. His case was converted to one under Chapter 11 on October 30, 2012. His case was then converted to a Chapter 7 on December 18, 2012, and James B. Angell was appointed as Chapter 7 Trustee.

2. Robert Lewis, Jr. (hereinafter "Lewis") was the Debtor's former counsel in this case. He filed a motion to withdraw as counsel on January 6, 2013, and an order granting this motion was entered on February 1, 2013.

3. On April 8, 2013, Lewis testified at a Rule 2004 examination upon affirmation, that, prior to conversion of the Debtor's bankruptcy case from a chapter 13 to a chapter 11 case,

   a. That "there was an oral agreement with [the debtor]' that '[h]e agreed to pay all outstanding debt to [Lewis] that was owed prior to conversion for a chapter 11";

   b. That, "prior to converting to a chapter 11, [Lewis] told [the debtor] that he needed to pay [Lewis] for the …first chapter 13 he owed [Lewis] $2,600 and then he owed [Lewis] about $6,000 for some civil litigation that [Lewis] did prior to filing his chapter 13;"

   c. That "when he paid the $7,000 payment, that wrapped up all outstanding fees that he owed me. So it included - - you could say it included that $2,600, also included the $6,100 in civil litigation. And it also included the $765 conversion fee.. It was kind of like his money I got, take it, file a chapter 11 for me. So I took it. I subtracted what he owed me a then converted his case to Chapter 11."

The relevant pages of Lewis' testimony are attached hereto.

4. The automatic stay prevents a creditor from engaging in any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. §362(a)(3).

5. The automatic stay prevents a creditor from engaging in any act to collect, assess, or recover a claim against the debtor that arose before the commencement of a case under [title 11]. 11 U.S.C. §362(a)(6).

6. Neither the claims of [Lewis], nor the payment of such claims after the case was filed, were disclosed to the Court, the Bankruptcy Administrator or any other party until Lewis was directly questioned under affirmation during his Rule 2004 examination.

7. Although the Debtor disputes Lewis's statement of the purpose and terms of the payments, Lewis' affirmed testimony demonstrates a willful violation of the automatic stay.

8. In addition to the Court's power to order disgorgement relating to professional fees, these actions may also give rise to unauthorized transfers under 11 U.S.C.§549.

9. Pursuant to 11 U.S.C. §362(k), an individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and in an appropriate case, punitive damages.

10. In addition, the Court has the inherent powers to hold Lewis in contempt of court for his willful actions in demanding and receiving payment of fees and failing to disclose prepetition claims against the Debtor while representing the Debtor.

11. As to the Debtor, the Debtor has not accounted for his financial circumstances, his ability to support himself or the sources and uses of his monies. Any funds to which the Debtor may have a claim should be held by the Trustee pending further orders of this Court.

WHEREFORE, the Trustee prays for an order imposing sanctions against Robert Lewis, Jr. for the violation of the automatic stay; ordering Lewis to show cause why he should not be held in contempt of Court and ordering that any funds payable to the Debtor be held by the Trustee pending further orders of this Court, and for such other relief as is just and proper.

DATED: April 30, 2013

James B. Angell
Howard, Stallings, From & Hutson, P.A.
State Bar No.: 12844
Post Office Box 12347
Raleigh, NC 27605-2347
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
Email: jangell@hsfh.com
Attorney for Trustee

Lewis - Examination/Angell                             10

1        MR. BEHR:  This is Brian Behr on behalf of the
2  Bankruptcy Administrator.  The -- what was turned over to us
3  are what are reflected as Exhibits B and C.  I do not believe
4  we have any other written agreements and we'll certainly go
5  back and check, but we've turned everything we have to the
6  trustee.
7  Q    Okay, and I'm happy.  My objective here is to get a
8  complete record.  So if you do go back to your office and find
9  other agreements, will you provide those to me?
10 A    Absolutely.
11 Q    Okay, and you understand those are required by order in
12 this --
13 A    Yes.
14 Q    Okay, and were there any other written agreements
15 regarding the rendering of any other bankruptcy services that
16 you know of other than B and C and with connection with the
17 instant bankruptcy if those are in your file?
18 A    No.
19 Q    How about for other services?
20 A    Not written, no.
21 Q    Did you enter into any agreement with Mr. Williams
22 regarding the case upon conversion to a Chapter 11?
23 A    Not written, no.
24 Q    Okay, and was <u>there an oral agreement with him</u> regarding
25 conversion of the Chapter 11 compensation and Chapter 11 phase

                    Lewis - Examination/Angell                    11

1  of the case?
2  A    Yes.
3  Q    Okay, and what was the oral agreement?
4  A    He agreed to pay all outstanding debt to me that was owed
5  to me prior to conversion for a Chapter 11.
6  Q    So there was no provision for payment of future services?
7  A    No.
8  Q    Is that what you're saying?
9  A    Well, prior to filing the -- prior to converting to a
10 Chapter 11, I told him that he needed to pay me for the
11 outstanding Chapter -- the first Chapter 13 he owed me $2,600
12 and then he owed me about $6,000 for some civil litigation that
13 I did prior to filing his Chapter 13.
14 Q    The 5,000, is that what you said?
15 A    He paid me about -- I think he paid me --
16 Q    I'm sorry, what was owed for other litigation?
17 A    About $6,000.
18 Q    6,000. And what was that other litigation?
19 A    I drafted a lawsuit. After his first case was dismissed,
20 he said he didn't want to file bankruptcy anymore. He just
21 wanted to sue his mortgage company for mortgage fraud. He came
22 in to see me on -- I think four to five different occasions.
23 We met, we talked about it. He was still running up against a
24 foreclosure but he said, you know, he would pay me to file
25 information to stay the litigation. And when it was all said

Lewis - Examination/Angell                                32

1  A    It's oral.
2  Q    So it's just your testimony and his testimony?
3  A    Yes, that's it.
4  Q    There's nothing else you can help to support that?
5  A    Nothing else.
6  Q    The next thing you were to provide was any and all records
7  evidencing monies received from the debtor from any other party
8  on behalf of the debtor. And have you provided that with
9  respect to your production?
10 A    Yes.
11 Q    I believed I marked as Exhibit A.
12 A    Yes.
13 Q    Okay, would you go through those payments with me? You've
14 got your cover sheet and that says that you paid -- that he
15 paid $800 for his first Chapter 13.
16 A    Right.
17 Q    Okay, and did he ever pay any more of that 2,600 that you
18 say is due?
19 A    It was -- when he paid the $7,000 payment, that wrapped up
20 all outstanding fees that he owed me. So it included -- you
21 could say it included that $2,600, also included the $6,100 in
22 civil litigation. And it also included the $765 conversion
23 fee. So I mean yes and no. It was kind of like his money I
24 got, take it, file a Chapter 11 for me. So I took it. I
25 subtracted what he owed me and then converted his case to

1  Chapter 11.
2  Q    Okay, so is what you're saying is the 7,000 is obviously
3  less than the 2,600 and the 6,100 and the --
4  A    Right.
5  Q    -- 765 --
6  A    Right.
7  Q    -- so that was in compromise of those --
8  A    Yes.
9  Q    -- events.  Would that be appropriate to say?
10 A    Yes.
11 Q    Okay, and then he paid 2,000 toward his second Chapter 13
12 filing.  And can you walk me through -- first walk me -- let's
13 go back to the first one, $800.  When was that paid?
14 A    The first one, I provided a document.  I think it was paid
15 January 3rd, January 3rd and January 4th.
16 Q    Of 2012?
17 A    Of 2012.
18 Q    Okay, and I'm going to refer you back to this, Exhibits B
19 and C, and that's -- those were the first times you recall
20 meeting with him although you may have met with him some more
21 time as part of that?
22 A    Yes, I mean he says he saw me at the courthouse, stopped
23 me in the courthouse, had a conversation with me.  I can't
24 remember.  I just don't remember how many times I talked to
25 him, but prior to coming to see me, he said he talked to me a

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| In Re: | Case No: |
|---|---|
| JEDI ORIENTAL, LLC | 07-03976-8-RDD |
| Debtor(s) | Chapter 7 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that she is over eighteen (18) years of age and the TRUSTEE'S MOTION FOR SANCTIONS AGAINST ROBERT LEWIS FOR VIOLATION OF THE AUTOMATIC STAY AND CONTEMPT OF COURT, AND FOR AN ORDER REQUIRING THAT ANY FUNDS PAYABLE TO THE DEBTOR BE HELD BY THE TRUSTEE PENDING FUTHER ORDERS OF THIS COURT was this day served upon the below named persons, parties and/or counsel by mailing, postage prepaid, first class mail, a copy of such instruments to such persons, parties and/or counsel at the address shown below:

| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>1760-B Parkwood Blvd.<br>Wilson, NC 27893 | Robert Lewis, Jr.<br>The Lewis Law Firm, P.A.<br>One Bank of America Plaza<br>421 Fayetteville Street, Suite 1507<br>Raleigh, NC 27601 |
|---|---|
| Dennis Darnay Williams<br>604 Humboldt Place<br>Fayetteville, NC 28314-2571 | |

Dated: April 30, 2013

Carly S. Coe, Paralegal
Post Office Box 12347
Raleigh, NC 27605-2347
Telephone: (919) 821-7700
Facsimile: (919) 821-7703